■ In the Matter of FRANCIS FREEMAN et al., Respondents, v COUNTY OF NASSAU, Appellant.—In a proceeding pursuant to

CPLR 7511 to modify an arbitrator's award dated January 23, 1987, which ordered the County of Nassau to reinstate the respondent Francis Freeman to his employment as a nurse's aide without back pay or benefits, the County of Nassau appeals from a judgment of the Supreme Court, Nassau County (Molloy, J.), entered December 4, 1987, which granted Freeman's petition for modification of the award by giving him back pay.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the arbitrator's award is confirmed.

The respondent Freeman was accused of misconduct and discharged by his employer, the appellant County of Nassau. The arbitrator appointed to review the matter found Freeman not guilty of the acts charged and ordered him reinstated to his job, but found his failure to report to work unreasonable and therefore denied him back pay and benefits. In a proceeding seeking a modification of the award, Freeman and his union persuaded the court that the arbitrator had exceeded his authority by imposing a penalty in the absence of a finding of guilt. We disagree and reverse.

Section 10-9.5 of the collective bargaining agreement entered into between the County of Nassau and Freeman's union provides that in conducting disciplinary review proceedings, "[t]he arbitrator shall only decide whether misconduct or incompetence existed, and if so, the appropriate penalty permitted by this Agreement". Freeman and his union contend that the arbitrator's denial of back pay and benefits was unauthorized because he was found not guilty of the charges. However, the arbitrator's finding that "there is simply no reasonable justification for Freeman's failure to report back to work" and that such conduct merited some degree of punishment was not totally irrational and it did not violate public policy. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.